**In re L.B.G. PROPERTIES, INC., Debtor.**

**Bankruptcy No. 83–01358–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 1, 1986.

See also, Bkrtcy., 33 B.R. 196.

**202**

Timothy J. Norris, P.A., Weil, Gotshal & Manges, Miami, Fla., for debtor.

John C. Pennington, Edwin Marger, Atlanta, Ga., for Chisholm Realty.

## ORDER CONFIRMING DEBTOR'S SECOND PLAN

THOMAS C. BRITTON, Chief Judge.

A confirmation hearing was held October 20 on this chapter 11 debtor's Second Plan (C.P. No. 282). The debtor's major secured creditor has objected to confirmation (C.P. No. 335). The debtor has responded to that objection (C.P. No. 337).

I find that the debtor has satisfied each of the requirements of 11 U.S.C. § 1129(a) except the requirement of subsection (8) that each impaired class has accepted the plan. Class 3 consists of a single creditor, the objecting secured creditor Chisholm. It is impaired by this plan and it has rejected the plan. Although Chisholm has stated other objections to the plan, they are without substance and do not require further discussion.

The debtor has requested cram down pursuant to the provisions of § 1129(b). (C.P. No. 347). I am persuaded that the debtor has met the requirements of § 1129(b) entitling it to confirmation notwithstanding Chisholm's rejection of the plan.

This plan provides that Chisholm retain its lien securing its claim in accordance with the requirement of § 1129(b)(2)(A)(i) (I).

■ This plan provides for the total allowed amount of Chisholm's secured claim in deferred cash payments over 15 years at an interest rate of 8.6% per annum. Section 1129(b)(2)(A)(i)(II) requires that:

> "each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, *of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property.*" (Emphasis added.)

I find that this plan meets the quoted requirement. The stipulated rate of interest provides the creditor with a present value equal to its claim. The stipulated rate of interest is the present contractual interest stipulated in the note and mortgage held by Chisholm. It is also well above the six percent rate presently set under 26 U.S.C. § 6621, the interest rate presently applicable to federal judgments (5.79%), and the current rate for Treasury Bills (5.18% and 5.44%). The foregoing indicia of an appropriate discount rate to provide present value in the bankruptcy context have been noted in *In re Southern States Motor Inns, Inc.,* 709 F.2d 647 (11th Cir.1983). In the absence of contrary evidence (and there has been none in this case) these indicia furnish at least a prima facie measure of an appropriate discount rate.

Because the debtor has satisfied the requirements of § 1129(b)(2), I find that the plan is fair and equitable with respect to Class 3 and, therefore, is entitled to confirmation notwithstanding the rejection of the plan by that impaired class.

■ Chisholm has also argued that the plan is unrealistic or impossible on its face and, therefore, should be denied confirmation under § 1129(a)(11). Specifically, the financing for this plan permits the First Nationwide Bank to withdraw its existing commitment if the debtor fails to obtain within 45 days from the date of the commitment *final* court approval of confirmation. Chisholm asserts that it will appeal any confirmation order and no appeal could be resolved within such a brief interval, and, therefore, this commitment is meaningless.

Of course, Chisholm has an absolute right to appeal the confirmation order. The Bank has the right to avoid its commitment and it may well elect to do so. It has not yet done so. These circumstances, standing alone, do not warrant a finding that the proposed financing and, therefore, the proposed plan have been presented in bad faith or that they are necessarily doomed from the outset. The debtor is entitled to a confirmation order notwithstanding the possibility which could be avoided entirely by Chisholm's election not to appeal.

In the event that Chisholm elects to appeal and fails to prevail and in the event that the lender elects to avoid its commitment because of the appellate delay, the debtor is entitled, as I see it, to appropriate equitable relief in compensation for its frustrated opportunity to preserve its property interest through a plan which met every requirement of the statute. The debtor could not seek such relief (should that become necessary) without the finding to which it is entitled now. An objecting creditor ought not to be permitted to frustrate with impunity a cram down expressly permitted under § 1129(b) merely by taking an appeal and thus destroying the presently available and committed financing.

The debtor's Second Plan is confirmed.